UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RAMONA PANDO WHITAKER

                              Plaintiff,

           -v-                                                    23-CV-669S(Sr)

CLINTON BROWN,

                              Defendant.

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. John L. Sinatra, pursuant to 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #5.

Plaintiff's complaint seeks a declaratory judgment that she is a joint author of *Olmstead's Elmwood: the Rise, Decline and Renewal of Buffalo's Parkway Neighborhood*, which was published in 2022 by Buffalo Heritage Press. Dkt. #1. Plaintiff seeks an accounting and alleges that defendant has been unjustly enriched by his retention of profits derived from the publication. Dkt. #1.

Defendant served a request for production of documents upon plaintiff's attorney in February of 2024 and subsequently requested that plaintiff respond to his discovery demands prior to mediation, which was scheduled for May 23, 2024. Dkt. #15-1, ¶¶ 3-4. Following numerous subsequent inquiries, plaintiff produced a USB drive

containing approximately 1700 pages of responsive documents on August 13, 2024. Dkt. #15-1, ¶¶ 5-8 & Dkt. #17, ¶ 3.

By email dated August 15, 2024, defense counsel advised that he "did not see any emails within the production" and inquired whether plaintiff possessed any emails. Dkt. #15-12, p.1. Plaintiff's counsel responded that she would ask plaintiff "about emails." Dkt. #15-12, p.1.

By email dated August 20, 2024, defense counsel inquired when he could expect the emails. Dkt. #15-13, p.1.

Defense counsel inquired about the status of outstanding discovery on August 28, 2024. Dkt. #15-13, p.1.

On September 9, 2024, defense counsel again inquired when plaintiff's counsel would "produce the requested emails." Dkt. #15-14, p.1. Plaintiff's counsel responded:

> I don't know what you are asking for. I have produced to you relevant materials.

Dkt. #15-14, p.1.

Defense counsel responded:

> To refresh your recollection, I send along an email exchange with you about your client's photographs and emails. Despite

-2-

> your assurance, you have never gotten back to me about my request for emails.

Dkt. #15-15, p.1.

Currently before the Court is defendant's motion to compel "the production of the emails which have been sought since February." Dkt. #15, ¶ 12..

Plaintiff responds that she produced documents on May 22, 2024 and produced a USB drive containing approximately 1700 pages of responsive documents on August 13, 2024. Dkt. #17, ¶ 3. In addition, counsel for plaintiff declares that she has

> again asked Plaintiff to search her records for additional materials, which may include emails that appear to be the focus of Defendant's current request. If there are more materials located – in addition to the already produced materials consisting of over 1700 pages of documents – they will be produced.

Dkt. #17, ¶ 7.

Defendant replies:

> It has now been nearly a year since defendant's demand for emails was served upon plaintiff's counsel. . . . There has been no claim by plaintiff that the emails sought are not discoverable nor any justification for not providing the emails, yet to date the sought after emails have not been produced.

Dkt. #18, ¶ 3.

Defendant's motion to compel is granted. Plaintiff shall produce any additional documents in her possession, including any emails relevant to her claim, within **10 days** of the entry of this Decision and Order. Plaintiff is reminded that, absent

-3-

substantial justification, she will not be permitted to rely upon documents that were requested but not produced. *See* Fed. R. Civ. P. 37(a)(a)*; See also Metro Found. Contractors, Inc. v. Arch Ins. Co.*, 09 Civ. 6796, 2011 WL 70561, at *2 (S.D.N.Y. Jan. 6, 2011) (precluding plaintiff from introducing documents that were responsive to the request to produce but were not timely produced).

The Case Management Order is amended as follows:

Fact Depositions shall be completed by **August 1, 2025.**

Plaintiff's expert witness disclosures are due by **August 15, 2025.**

Defendant's expert witness disclosures are due by **September 12, 2025.**

Expert depositions shall be completed by **October 31, 2025.**

Dispositive motions are due by **November 21, 2025.**

**SO ORDERED.**

DATED:   Buffalo, New York
         April 7, 2025

                                           s/ H. Kenneth Schroeder, Jr.
                                           **H. KENNETH SCHROEDER, JR.**
                                           **United States Magistrate Judge**